Frederic L. Gordon (SBN 98994)
Rhonda J. Holmes (SBN 157017)
Andrew G. Nagurney (SBN 301894)
GORDON & HOLMES
223 W. Date Street
San Diego, California 92101-3571
Tel: 619-696-0444 Fax: 619-696-1144
Email: fgordon@gordonandholmes.com

William D. Marler, Esq. (SBN 17233 [WA])
Bruce T. Clark, Esq. (SBN. 14299 [WA])
R. Drew Falkenstein, Esq. (SBN, 33401 [WA])
MARLER CLARK, LLP
1301 Second Avenue, Ste. 2800
Seattle, WA 98101
Tel: 206-346-1888 Fax: 206-346-1898
Email: bmarler@marlerclark.com

Attorneys for Plaintiff
MICHAEL BAKER, JR., an individual

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BAKER, JR., an individual, <br><br> Plaintiff, <br><br> v. <br><br> SODEXO, INC., a Delaware Corporation, <br><br> Defendant. | Case No.: '18CV1856 BAS JMA <br><br> **COMPLAINT FOR STRICT LIABILITY AND NEGLIGENCE** <br><br> **JURY TRIAL DEMANDED** |

NOW comes Plaintiff, MICHAEL BAKER JR., individually, by and through his attorneys of record, Frederic L. Gordon of Gordon & Holmes, and alleges upon information and belief as follows:

**PARTIES**

1.   Plaintiff MICHAEL BAKER JR. is 21 years old and resides in Coeur d'Alene, Idaho. MICHAEL BAKER JR. is, therefore, a citizen of the state of Idaho.

2.   Defendant, SODEXO, INC. is a Delaware corporation with its principal place of business located in Gaithersburg, Maryland. Therefore, SODEXO, INC. is a citizen of the states of Delaware and Maryland. At all times relevant to this action, SODEXO, INC. was a provider of food and facility management services for large institutions and organizations, including for the United

1

States Navy at cafeterias and other foodservice locations at Marine Corps Recruit Depo, located in San Diego, California. At all times relevant, SODEXO, INC.'s actions at the Marine Corps Recruit Depo included the manufacture, distribution, and sale of the contaminated food products that are the subject of this action. Specifically, SODEXO, INC. exercised complete control over the sourcing and acquisition of food items and/or ingredients, the preparation of finished food products from these items and ingredients, including the contaminated food products that are the subject of this action, and the service, sale and distribution of those food products.

## JURISDICTION, VENUE, AND CHOICE OF LAW

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000.00, exclusive of costs, it is between citizens of different states, and because SODEXO, INC. has certain minimum contacts with the state of California such that maintenance of the suit in this district does not offend traditional notions of fair play and substantial justice.

4. Venue in the United States District Court for the Southern District of California is proper pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to MICHAEL BAKER JR.'S claims and causes action occurred in this judicial district, and because SODEXO, INC. was subject to personal jurisdiction in this judicial district at the time of the commencement of the action.

5. Pursuant to 28 U.S.C. 5001(b), California law governs because the events giving rise to this personal injury action took place at Marine Corps Recruit Depo, which is a location subject to the exclusive jurisdiction of the United States within a State, i.e., California.

## GENERAL ALLEGATIONS

### The 2017 Marine Corps Recruit Depot E. coli Outbreak

6. In October 2017, an estimated 244 male recruits at Marine Corps Recruit Depot (MCRD) and Camp Pendleton, both located in or around San Diego, California, were infected by either or both of two strains of Shiga toxin-producing *E. coli* by consuming contaminated food products prepared by SODEXO, INC.

2

Complaint for Strict Liability and Negligence

7. Of the 244 ill recruits, fifteen developed a life-threatening complication called hemolytic uremic syndrome (HUS). Six of the fifteen HUS cases became critically ill, but fortunately none died. Pulsed-field gel electrophoresis (PFGE) testing on stool isolates obtained from ill recruits resulted in the identification of *E. coli* O157:H7 and *E. coli* O26 strains.

8. Investigators from the Department of Defense (DOD) conducted thorough epidemiologic, microbiologic, and environmental studies into the circumstances of the subject outbreak. Among other things, investigators observed food preparation practices and studied recruit sleep quarters, bathroom facilities, and cafeterias where meals were served to around 2,000 to 3,000 recruits at a time.

9. During the investigation, DOD officials interviewed 43 case patients and 135 healthy controls, plus Marine officers, food workers, and staff. The results of the DOD's epidemiologic study showed a statistically significant association between ill recruits and the consumption of undercooked ground beef. Environmental findings, including reports from recruits, showed that SODEXO, INC.'s employees routinely undercooked ground beef served to recruits, and only intermittently checked the temperature of foods, including ground beef, using an appropriate thermometer. Moreover, the environmental investigation showed a number of instances of temperature abuse involving other foods.

### *E. coli* O157:H7 Infection and Hemolytic Uremic Syndrome

10. *Escherichia coli* is the name of a common family of bacteria, most members of which do not cause human disease. *E. coli* O157:H7 is a specific member of this family that can cause bloody diarrhea (hemorrhagic colitis) in humans. In the years since *E. coli* O157:H7 was first identified as a cause of diarrhea, this bacterium has established a reputation as a significant public health hazard.

11. *E. coli* O157:H7 lives in the intestines of cattle and other ruminants. *E. coli* O157:H7 is also notable among pathogenic bacteria for its extremely low infectious dose—that is, the number of bacteria necessary to induce infection in a person. While for most pathogenic bacteria it takes literally millions of bacterial colonies to cause illness, it is now known that fewer than 50 *E. coli*

O157:H7 bacteria can cause illness in a child. The practical import is that even a microscopic amount of exposure can trigger a devastating infection.

12. The most severe cases of the *E. coli* O157:H7 infection occur in young children and in the elderly, presumably because the immune systems in those age populations are the most vulnerable. After a susceptible individual ingests *E. coli* O157:H7, the bacteria attach to the inside surface of the large intestine and initiates an inflammatory reaction of the intestine. What ultimately results is the painful bloody diarrhea and abdominal cramps characteristic of the intestinal illness.

13. The mean incubation period (time from ingestion to the onset of symptoms) of *E. coli* O157:H7 is estimated to be two to four days (range, 1-21 days). Typically, a patient with an acute *E. coli* O157:H7 infection presents with abdominal cramps, bloody diarrhea, and vomiting. The duration of diarrhea in children with *E. coli* O157:H7 infections are significantly longer than that of adults.

14. *E. coli* O157:H7 can produce a wide spectrum of disease from mild, non-bloody diarrhea, to severe bloody diarrhea accompanied by excruciating abdominal pain to life-threatening complications. In most infected individuals, the intestinal illness lasts about a week and resolves without any long-term effects. Antibiotics do not appear to aid in combating these infections, and recent medical studies suggest that antibiotics are contraindicated for their risk of provoking more serious complications. Apart from good supportive care, which should include close attention to hydration and nutrition, there is no specific therapy.

15. About 10% of individuals with *E. coli* O157:H7 infections (mostly young children) go on to develop hemolytic uremic syndrome (HUS), a severe, potentially life-threatening complication. The essence of the syndrome is described by its three central features: destruction of red blood cells, destruction of platelets (those blood cells responsible for clotting), and acute renal failure due to the formation of micro-thrombi that occlude microscopic blood vessels that make up the filtering units within the kidneys.

16. There is no known therapy to halt the progression of HUS. The active stage of the disease usually lasts one to two weeks, during which a variety of complications are possible. HUS is a frightening illness that even in the best American medical facilities has a mortality rate of about

4

Complaint for Strict Liability and Negligence

5%.  The majority of HUS patients require transfusion of blood products and develop complications common to the critically ill.

**Michael Baker Jr.'s Injuries**

17. MICHAEL BAKER JR. is 21 years old.  In March 2018, he received an unspecified discharge from the Marine Corps.  In the fall of 2017, he developed hemolytic uremic syndrome (HUS) due to infection by shiga-toxin producing *E. coli*, and continues to suffer the medical consequences of that condition.  Mr. Baker contracted *E. coli* from the contaminated food products that SODEXO, INC. manufactured and sold and that were implicated as the cause of the subject outbreak.

18. Mr. Baker arrived for recruit training at MCRD in San Diego, California, on or about October 16, 2017.

19. SODEXO, INC. was, at all times relevant to this action, the civilian provider of foodservices at MCRD, including at the cafeteria or mess hall where Mr. Baker and other recruits consumed contaminated food products in October 2017.  In this capacity and at this location, on information and belief, SODEXO, INC. acquired raw materials or ingredients for the food items that it served, and also prepared, processed, cooked, and otherwise made them ready for consumption as finished food items to be served to recruits and other individuals at MCRD.

20. In the ten days before onset of symptoms from Mr. Baker's *E. coli* infection, he consumed *E. coli*-contaminated food products, prepared and served by SODEXO, INC., on one or more occasions.  During this ten day period, he ate food products made with ground beef, on multiple occasions, including but not limited to hamburgers on October 21, 2017.

21. Mr. Baker began feeling ill on or between October 25 and 27, 2017.  His initial symptoms consisted of fatigue, abdominal cramps, and diarrhea.  Over the following several days, his diarrheal episodes grew in frequency and severity, and became grossly bloody.

22. On or about October 29, 2017, Mr. Baker reported his desperately ill condition to his senior drill instructor, who ordered him to the medical clinic at MCRD immediately.  At the clinic, Mr. Baker was profoundly ill, and was soon transported to Balboa Naval Medical Center by ambulance, where he was diagnosed with HUS.

Complaint for Strict Liability and Negligence

23. Mr. Baker would remain hospitalized at Balboa for approximately one month, during which time he was treated for various dangerous complications of his HUS illness. He also tested positive for shiga-toxin producing *E. coli* during his hospitalization at Balboa.

24. At Balboa, Mr. Baker required admission to the ICU on three separate occasions. He developed severe pneumonia and was placed on mechanical ventilation for at least four days. And Mr. Baker's kidneys failed, causing him to require repeated dialysis treatments.

25. After discharge from Balboa Medical Center, Mr. Baker was transferred to Alvarado Hospital to begin rehabilitation. He would remain hospitalized at Alvarado for another month.

26. Mr. Baker has suffered permanent damage to his kidneys as a result of his HUS illness, which developed as a result of his infection by shiga-toxin producing *E. coli*.

## CAUSES OF ACTION

## COUNT I

## STRICT LIABILITY

27. MICHAEL BAKER JR. incorporates by reference and makes a part of this Count each and every foregoing paragraph of this Complaint.

28. SODEXO, INC. owed a duty to MICHAEL BAKER JR. to manufacture and sell only food that was not adulterated, was fit for human consumption, was reasonably safe in construction, and was free of pathogenic bacteria or other substances injurious to human health. SODEXO, INC. breached this duty.

29. SODEXO, INC. owed a duty to MICHAEL BAKER JR. to provide adequate warnings about the non-obvious danger of its food products, including warnings and instructions indicating that the food might contain pathogenic bacteria, including *E. coli* O157:H7 and *E. coli* O26. SODEXO, INC. breached this duty.

30. SODEXO, INC. owed a duty to MICHAEL BAKER JR. to prepare, serve, and sell food that was fit for human consumption, and that was safe to the extent contemplated by a reasonable and ordinary consumer. SODEXO, INC. breached this duty.

31. Because the food that was served to and subsequently consumed by MICHAEL BAKER JR. was adulterated, not fit for human consumption, not reasonably safe in design and

construction, lacked adequate warnings and instructions, and was unsafe to an extent beyond that contemplated by the ordinary consumer, SODEXO, INC. is liable to MICHAEL BAKER JR. for the harm proximately caused to him by its manufacture and sale of contaminated and adulterated food products, and as such SODEXO, INC. is strictly liable to MICHAEL BAKER JR. for such harm.

## COUNT II

## NEGLIGENCE

32. MICHAEL BAKER JR. incorporates by reference and makes a part of this Count each and every foregoing paragraph of this Complaint.

33. SODEXO, INC. had a duty to comply with all statutory and regulatory provisions that pertained or applied to the manufacture, distribution, storage, labeling, and sale of the food products that injured MICHAEL BAKER JR., including the applicable provisions of the Federal Food, Drug and Cosmetic Act, and similar California food and public health statutes, including without limitation the provisions of the California Health & Safety Code Article 5, all of which prohibit the manufacture and sale of any food that is adulterated, or otherwise injurious to health.

34. The food product that SODEXO, INC. manufactured, served, and sold, and that MICHAEL BAKER JR. consumed, was adulterated within the meaning of the federal Food, Drug and Cosmetic Act, and similar California statutes, because it contained a deleterious substance that rendered it injurious to health, *i.e.*, *E. coli* O157:H7 and *E. coli* O26 bacteria.

35. SODEXO, INC. violated federal, state, and local food safety regulations by its manufacture, distribution, and sale of adulterated food. These federal, state, and local food safety regulations are applicable here, and establish a positive and definite standard of care in the manufacture, distribution, and sale of food. The violation of these regulations constitutes negligence as a matter of law.

36. MICHAEL BAKER JR. is in the class of persons intended to be protected by these statutes and regulations, and MICHAEL BAKER JR. was injured as the direct and proximate result of SODEXO, INC.'s violation of applicable federal, state, and local food safety regulations.

37. SODEXO, INC. was negligent in the manufacture, distribution, service, and sale of a food product that was adulterated with *E. coli* O157:H7 and *E. coli* O26, not fit for human consumption, and not reasonably safe because adequate warnings or instructions were not provided.

38. Once SODEXO, INC. learned, or in the exercise of reasonable care should have learned, of the dangers associated with preparing, serving, and selling food, including, but not limited to, cross-contamination between foods, and the dangers associated with improperly cleaned, washed, or prepared food, it had a duty to warn MICHAEL BAKER JR., but failed to do so.

39. In addition to its duty to comply with applicable federal, state, and local laws, ordinances, and regulations pertaining to the manufacture and sale of food, SODEXO, INC. had a duty to prepare food in accordance with its own corporate guidelines and standards. These guidelines and standards included, among other things, steps and measures to ensure that the food products it prepared and served did not contain a microbial hazard, like contamination by pathogenic *E. coli*, as well as a prohibition against the preparation, service, and sale of adulterated, contaminated food generally. By preparing, serving, and selling food products contaminated by *E. coli*, SODEXO, INC. not only violated federal, state, and local laws, regulations, and ordinances, but also its own guidelines and standards.

40. SODEXO, INC. had a duty to use supplies and raw materials in producing its food products that were in compliance with applicable federal, state, and local laws, ordinances and regulations; that were from reliable sources; and that were clean, wholesome, free from adulteration and fit for human consumption, but failed to do so, and therefore breached that duty.

41. SODEXO, INC. was negligent in the selection of its suppliers, or other agents or subcontractors, and failed to adequately supervise them, or provide them with adequate standards, and, as a result, produced, sold and served food that was adulterated with *E. coli* O157:H7 and *E. coli* O26.

42. SODEXO, INC. had a duty to properly supervise, train, and monitor its employees, or the employees of its agents or subcontractors, engaged in the preparation and sale of its food products, to ensure compliance with SODEXO, INC.'s operating standards and to ensure compliance with all applicable health regulations. SODEXO, INC. failed to properly supervise,

8
Complaint for Strict Liability and Negligence

train, and monitor these employees engaged in the manufacture, preparation, sale, and delivery of the food product ultimately served to MICHAEL BAKER JR., and thus breached that duty.

## PRAYER FOR RELIEF

WHEREFORE, MICHAEL BAKER JR. prays for judgment against SODEXO, INC. as follows:

a. Judgment for MICHAEL BAKER JR. against SODEXO, INC. for just compensation in a fair and reasonable amount for the damages above set forth; and

b. Such additional and/or further relief, including interest, costs, and reasonable attorney fees, as this Court deems just and equitable.

**JURY TRIAL DEMANDED**

Respectfully Submitted,

Dated: August 8, 2018          GORDON & HOLMES

                               By:     /s/ Frederic L. Gordon
                                    FREDERIC L. GORDON
                                    RHONDA J. HOLMES
                                    ANDREW G. NAGURNEY
                                    Attorneys for Plaintiff
                                    MICHAEL BAKER, JR., an individual

Dated: August 8, 2018          MARLER CLARK, LLP

                               By:     /s/ William D. Marler
                                    William D. Marler
                                    Attorneys for Plaintiff
                                    MICHAEL BAKER, JR., an individual

9

Complaint for Strict Liability and Negligence